**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| CHRISTINE MARIE MORELLO, | : | CASE NO. 20-31185 (AMN) |
| *Debtor* | : | |
| | : | |
| | : | CHAPTER 13 |
| ROBERTA NAPOLITANO, | : | |
| *Chapter 13 Trustee and Movant* | : | |
| V. | : | |
| | : | Re: ECF No. 105 |
| CHRISTINE MARIE MORELLO, | : | |
| *Debtor and Respondent* | : | |
| | : | |
| FAY SERVICING, LLC AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE FOR CVI LCF MORTGAGE LOAN TRUST I, | : | |
| *Movant* | : | |
| | : | |
| VS. | : | |
| | : | Re: ECF No. 124 |
| CHRISTINE MARIE MORELLO, | : | |
| *Debtor and Respondent* | : | |
| | : | |
| ROBERTA NAPOLITANO, | : | |
| *Chapter 13 Trustee and Respondent* | : | |

**MEMORANDUM OF DECISION AND ORDER**
**GRANTING THE MOTION FOR *IN REM* RELIEF AND**
**DISMISSING CHAPTER 13 CASE WITH A TWO-YEAR BAR**

Before the court is the Chapter 13 Trustee's motion seeking dismissal with prejudice of the debtor's – Christine M. Morello ("Debtor") – Chapter 13 case pursuant to 11 U.S.C. §§ 105(a), 349, 1307, ECF No. 105 (the "Trustee's Motion"), and U.S. Bank Trust National Association's ("U.S. Bank") Amended Motion for Relief from Automatic Stay seeking *in rem* relief pursuant to 11 U.S.C. § 362(d)(4), ECF No. 124 (the "Bank's Motion"). On September 23, 2021, the court held a hearing on the Trustee's Motion and the Bank's Motion. ECF No. 141. At the conclusion of the hearing, the court reserved decision on both Motions. For the reasons set forth below, the court will grant both motions and impose a two-year bar to the filing of a voluntary bankruptcy petition.

**I.     Introduction**

The Debtor is no stranger to this court as this is her fourth bankruptcy case filed in four years. *See,* Case Numbers: 17-31760, 18-31693, and 19-31366. Because the Debtor earned a Chapter 7 discharge in case number 17-31760, she is not eligible for a Chapter 13 discharge in this case. *See*, 11 U.S.C. § 727(a)(8). Because no bankruptcy discharge is available to Ms. Morello, the only apparent advantage to filing a new bankruptcy case would be to invoke the automatic stay pursuant to 11 U.S.C. § 362(a).

**II.    Relevant Procedural History and Findings of Fact**

    **a. State Court Foreclosure Action:**

On October 2, 2017, the Connecticut Superior Court (the "State Court") entered a Judgment of Strict Foreclosure against Debtor, with law days commencing November 20, 2017. *Wilmington Savings Fund Society, FSB d/b/a Christina v. Morello, Christine Et Al, Case No. NNH-CV14-6046792-S, Doc. 161 (the "State Court Case")*. On the first law day—November 20, 2017—the Debtor filed her first bankruptcy case with this court. Case

2

No. 17-31760. The Debtor received a Chapter 7 discharge on March 30, 2018. ECF No. 20. Following the Debtor's discharge, on June 22, 2018, a new law days were set to commence on October 15, 2018. *See*, State Court Case, Doc. 177.

The Debtor filed her second bankruptcy petition on October 15, 2018, thus staying the law day progression for a second time. Case No. 18-31693. The Defendant's second bankruptcy case was dismissed on March 18, 2019 for failure to file an amended Chapter 13 Plan. Case 18-31693, ECF No. 31. Although the second bankruptcy case was pending for six (6) months, according to the Trustee's Final Report and Asset, the debtor did not make any payments to the Trustee. Case 18-31693, ECF No. 33; *see,* 11 U.S.C. § 1326(a)(requiring monthly payments to Chapter 13 Trustee "not less than 30 days after the date of the filing of the plan or the order for relief [petition date], whichever is earlier, ….").

On May 20, 2019, the State Court again reset the foreclosure case law days with the Debtor's law day set to run on August 19, 2019. *See*, State Court Case, Doc. 200. Ms. Morello filed her third bankruptcy petition on August 19, 2019, and the third case was dismissed on September 9, 2019 for failure to cure a deficiency. Case 19-31366, ECF No. 14. No plan payments were made during the third case.

The State Court once again established law days with Ms. Morello's law day falling on October 6, 2020. State Court Case, Doc. 223. As night follows day, the Debtor commenced this fourth bankruptcy case on her law day, October 6, 2020. *See,* State Court Case, Doc. 223; ECF No. 1. No Chapter 13 plan payments were made to the Chapter 13 Trustee as required by 11 U.S.C. § 1326(a) during the 12 months this fourth bankruptcy case has been pending.

3

During the pendency of three Chapter 13 bankruptcy cases, Ms. Morello has not made a single payment to the Chapter 13 Trustee.

**b. This Fourth Bankruptcy Case**

On January 28, 2021, the court denied confirmation of Debtor's Chapter 13 Plan with leave to amend because Debtor failed to appear at the confirmation hearing. ECF Nos. 39 and 41; see, D.Conn.L.Bankr.R. 3015-2(b). The Debtor also failed to attend a required meeting of creditors on numerous dates or to provide required information. ECF Nos. 24, 27, 29, 32, 43, 57, 58, 68, and 83. On February 1, 2021, the Trustee filed a Motion to Dismiss but on February 9, 2021, the case was dismissed for failure to pay the filing fee in installments. ECF Nos. 45, 48. On February 23, 2021, the Debtor filed a Motion to Set Aside Dismissal and the court granted that motion. ECF Nos. 50, 51.

A status conference was scheduled for March 25, 2021. ECF No. 52. However, on March 24, 2021, the Debtor filed a motion to continue the matter, and the court granted the motion to continue the status conference to April 29, 2021. ECF Nos. 59 and 60. On March 25, 2021, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not in its individual capacity but solely as Trustee for Brougham Fund I Trust, as serviced by BSI Financial Services ("Bank"), filed a Motion for Relief from Automatic Stay regarding: 57 John George Drive, Meriden, CT 06450 (the "Property"; the motion is "Motion for Stay Relief"). ECF Nos. 63 and 124. On April 8, 2021, the Debtor filed an objection to the Motion. ECF No. 67. A Notice of Hearing was issued on April 9, 2021, setting the hearing date for the Motion for Stay Relief for April 21, 2021. ECF No. 69. On April 20, 2021, the Debtor filed another motion to continue that hearing and the court granted that motion, continuing the hearing to April 29, 2021. ECF Nos. 75 and 78.

Eventually, on April 29, 2021, the Debtor appeared for her first and only hearing by ZoomGov audio. ECF Nos. 90 and 91. During the hearing, the Debtor claimed she had about "forty-five thousand dollars ($45,000.00) in her bank account and her husband had about ninety thousand dollars ($90,000.00) in his bank account." ECF No. 91 at 00:07:29-00:07:50.[1] Ms. Morello stressed she could make payments right away and the court entered an order, with her consent, requiring her to " make a $7,000.00 payment to the Chapter 13 Trustee on or before May 6, 2021." ECF No. 91 at 00:11:10-00:15:10. Based largely on the Debtor's representation that she was going to immediately make a payment of $7,000 to the Chapter 13 Trustee, the status conference was continued to May 27, 2021. ECF No. 94.

On May 24, 2021, the Debtor filed another motion to continue the hearing. ECF No. 104. On May 26, 2021, the Trustee filed an Amended Motion to Dismiss the case for failure to make plan payments, this time seeking a two-year bar to filing another bankruptcy case. ECF No. 105. On May 28, 2021, the court entered an order granting continuance regarding ECF Nos. 17, 45, 63 and 105[2], continuing the hearings to June 17, 2021. ECF Nos. 104, 105, and 106. On the morning of June 17, 2021, the Debtor emailed the Clerk's Office requesting a continuance due to medical reasons. ECF No. 117. The court granted the continuance regarding ECF Nos. 17, 45, 63, and 105, and rescheduled the hearing for July 29, 2021. ECF No. 119. The court also required the Debtor to submit a doctor's note. ECF No. 119. However, to date, the Debtor has failed to do so.

---

[1] All timestamps indicate the hours, minutes, and seconds (00:00:00) for the .mp3 file publicly available at the referenced ECF No. as played on VLC Media Player.

[2] ECF No. 17— Chapter 13 Plan; ECF No. 45— Motion to Dismiss Case; ECF No. 63— Motion for Relief from Stay; and ECF No. 105—Amended Motion to Dismiss Case.

5

On May 29, 2021, the Bank filed an amended motion (the pending Motion for Stay Relief) requesting *in rem* relief regarding the Property pursuant to 11 U.S.C. § 362(d)(4) based on the Debtor's pattern of filing four bankruptcy petitions on her assigned law day in the State Court Case. ECF Nos. 63, 124. The Debtor did not appear at the July 29, 2021 hearing, allegedly due to medical treatment. ECF No. 128. The Debtor did not submit a doctor's note. ECF Nos. 132, 134. The Debtor claims she sent the doctor's note on July 9, 2021, but the Clerk's Office has not received it. The July 29, 2021, hearing was nonetheless continued to September 23, 2021. ECF No. 129.

The morning of the September 23, 2021 hearing, the Debtor emailed the Clerk's Office to request a continuance because she required medical treatment. ECF No. 142. Ms. Morello – clearly aware of all of these hearing dates since she communicated her desire to continue them via email, voice message or motion at various times – failed to appear for the September 23, 2021 hearing. ECF No. 140. I note the hearing was conducted using ZoomGov including both an audio only option (which Ms. Morello used successfully before to participate in a hearing on April 29, 2021) and a video conference option.

During the hearing, the Chapter 13 Trustee represented that the Debtor did not make any payments to the Trustee. ECF No. 140 at 00:03:04-00:03:30. Also, the bank's counsel represented that the Debtor did not make any post-petition payments to the creditor. ECF No. 140 at 00:03:04-00:03:30. Subsequently, the court determined ECF No. 17 was moot, ECF No. 45 was superseded by the Trustee's Amended Motion to Dismiss (ECF No. 105), and ECF No. 63 was superseded by the Amended Motion for Stay Relief (ECF No. 124). ECF No. 141.

### III. Discussion

Bankruptcy Code § 1307 governs dismissal of Chapter 13 cases, providing in part as follows:

> … (c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…
> 11 U.S.C. § 1307(c).

Subsection (c) further provides, "a non-exhaustive list of events that would be considered 'for cause.' Although not expressly enumerated in the statute, it is well established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations omitted).

The automatic stay provided by section § 362 of the Bankruptcy Code "is a fundamental debtor protection, giving a breathing spell from the collection process so debtors can attempt a repayment or reorganization plan to satisfy existing debt." *United States v. Colasuonno*, 697 F.3d 164, 172 (2d Cir. 2012) (internal quotation marks omitted). Unless the stay is lifted by the bankruptcy court, it remains in effect until the case is concluded." *In re Weidenbenner*, 521 B.R. 74, 81-82 (Bankr. S.D.N.Y. 2014). A successful motion for relief from the automatic stay under 11 U.S.C. § 362(d)(4) prevents the automatic stay from applying to real property for a period of two years. *See* 11 U.S.C. § 362(b)(20). It is not easy to successfully move for relief from the automatic stay under 11 U.S.C. § 362(d)(4). The language was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors." *In re O'Farrill*, 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017) (internal quotations omitted).

**A. Trustee's Amended Motion to Dismiss**

The Trustee argues she is entitled to dismissal, pursuant to 11 U.S.C. § 105(a) and 349(a), because the Debtor engaged in serial bankruptcy filings, each filed on the first law day in a strict foreclosure case, and made no Chapter 13 Plan payments as required by 11 U.S.C. § 1326(a). The Debtor's bad faith provides cause for limiting the Debtor's ability to file subsequent petitions for a period of two years, according to the Chapter 13 Trustee. The court agrees.

A court must review the totality of the circumstances to determine whether a case should be dismissed for lack of good faith. *Ciarcia*, 578 B.R. at 499-500. The totality of the circumstances analysis, "should take into consideration whether the debtor has abused the 'provision, purpose or spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love*, 957 F.2d 1350, 1357 (7th Cir.1992)).

While dismissal of a case is generally without prejudice, § 349(a), "at the same time expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd*, 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. "Thus, if 'cause'

8

warrants, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *See also Casse* at 662.

In addition to the authority to dismiss a case for cause set forth in §§ 1307(c) and 349(a), § 105(a) provides that "[n]o provision of this title … shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Section 105(a) provides bankruptcy courts with a general grant of power to police dockets and afford appropriate relief. *See,* 8 Collier on Bankruptcy, ¶105.01[2], p. 105-9 (*Alan N. Resnick & Henry J. Sommers eds.*, 16th ed.) (citing *In re Oi Brasil Holdings Cooperatief U.A.*, 578 B.R. 169, 201 (Bankr. S.D.N.Y. 2017). Thus, § 105(a) empowers the court to act as necessary to prevent an abuse of the bankruptcy process. *See,* 8 Collier on Bankruptcy, ¶1307.04, p. 1307-11 – 1307-12 (*Alan N. Resnick & Henry J. Sommers eds.*, 16th ed.).

Here, after a review of the totality of the circumstances, I conclude this fourth bankruptcy case was not filed in good faith, there is cause to dismiss the case, and there is a basis to impose a bar to refiling for a limited period to prevent an abuse of the bankruptcy process. *See In re Peia*, 204 B.R. 310, 314 (Bankr. D. Conn. 1996) (*citing In re Russo*, 94 B.R. 127, 129 (Bankr. N.D. Ill. 1988) (mere successive filings of bankruptcy petitions by a debtor does not constitute bad faith; however, "it is a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to refile a second case," thereby choosing refiling rather than an appeal and thus circumventing the appeal process.); *See Casse* at 327.

9

Review of the State Court records show that the Debtor filed all 4 bankruptcy petitions on the law day assigned to her in the State Court Case.  *See*, State Court Case, Docs. 161, 167, 177, 200, and 223.   On September 23, 2021, the Debtor failed to appear for the scheduled hearing and failed to provide a doctor's note for that date or any other date.  ECF Nos. 140-142.  The Debtor did not attend any scheduled meeting of creditors and has not made any payments to the Chapter 13 Trustee despite her clear promise to do so stated on the record of the April 2021 hearing.  ECF Nos. 24, 27, 29, 32, 43, 57, 58, 68, 83 and 140.

The record overwhelmingly supports a conclusion that this fourth bankruptcy case was not filed in good faith.  Under these circumstances – where a debtor has represented she has the ability and ready cash to make Chapter 13 Plan payments to the Chapter 13 Trustee but refuses to do so -- dismissal of the case with a two-year bar is warranted.  Granting the Trustee's Motion without a bar would create the opportunity for a fifth bankruptcy case to thwart the long-pending State Court Case.  As previously noted, the Debtor has a Chapter 7 discharge and is not eligible for a Chapter 13 discharge, so the only purpose to another Chapter 13 case filing would be to stop the foreclosure process.  This result would be particularly inequitable considering (1) the Debtor's ineligibility for a Chapter 13 discharge, (2) the Debtor's representation that she and her non-debtor spouse are holding significant funds with which she could have made the payments required of every Chapter 13 debtor under § 1326(a) but she simply refuses to do so, and, (3) the Debtor's clear pattern of abusive filings on the eve of the foreclosure law days.

**B. The Bank's Amended Motion for Relief from Automatic Stay**

The Bank argues it is entitled to *in rem* relief, pursuant to 11 U.S.C. § 362(d)(4), because the Debtor engaged in serial bankruptcy filings for the sole purpose of preventing the Bank from taking title to the Property. The court agrees.

Bankruptcy Code § 362(d)(4) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either-- (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property. 11 U.S.C. § 362(d)(4).

This remedy is available only "in extreme circumstances when a creditor has demonstrated that the bankruptcy petition was filed as part of a scheme to delay, hinder, and defraud creditors." *O'Farrill* at 591. Bankruptcy courts may "infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone." *In re Procel*, 467 B.R. 297, 308 (S.D.N.Y. 2012) (citation omitted); *See also In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *6 (Bankr. N.D.N.Y. Apr. 3, 2018) (explaining a court can "draw a permissible inference of a scheme to hinder, delay, and defraud based on the mere timing and filing of several bankruptcy cases."); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009) (recognizing the timing and sequencing of the filings significant to finding a scheme to hinder, delay, or defraud).

Here, Debtor filed all her bankruptcy cases on the law days in the State Court foreclosure action affecting the Debtor's property. *See*, State Court Case, Docs. 161,

167, 177, 200, and 223.  The Debtor's second bankruptcy case was dismissed on March 18, 2019, for failure to file a First Amended Plan, and the third bankruptcy was dismissed on September 9, 2019, for failure to cure a deficiency.  ECF Nos. 31 and 14.  Although the second bankruptcy case was pending for six (6) months, according to the Trustee's Final Report and Account, the Debtor did not make any payments to the Trustee. ECF No. 33. The timing of these filings, in addition to the dismissal of the second and third bankruptcy cases due to the Debtor's failure to file required documents, and the Debtor's non-payment to the Trustee throughout the six (6) months that her second bankruptcy case was pending, demonstrates that the Debtor has engaged in a scheme to hinder, delay, and defraud the Bank by continuously forestalling the foreclosure of the property in the Connecticut Superior Court.

For these reasons, it is hereby

**ORDERED**: The Amended Motion for Relief from Automatic Stay, ECF No. 124, is granted and the Clerk shall enter a separate order granting relief from stay regarding the Property pursuant to 11 U.S.C. §§ 362(d)(1), 362(d)(2) and 362(d)(4);  it is further

**ORDERED**: The Chapter 13 Trustee's Amended Motion to Dismiss, ECF No. 105, is granted pursuant to 11 U.S.C. § §§ 109(e) and 1307(c) and after entry of the Stay Relief Order, the Clerk shall enter a separate order dismissing the case with a two-year bar to filing a bankruptcy petition under any chapter of the United States Bankruptcy Code in any jurisdiction through and including October 5, 2023, pursuant to 11 U.S.C. §§ 105(a), 349.

Dated this 8th day of October, 2021, at New Haven, Connecticut.



*Ann M. Nevins*
Chief United States Bankruptcy Judge
District of Connecticut